Good morning. May it please the Court, Evan Jeunesse from the Federal Public Defender's Office in Los Angeles, on behalf of Petitioner and Appellant Marcus Wilson. I would seek to reserve two minutes for rebuttal. You'll try to keep track of your own time, and I'll try to remind you if I remember. Thank you, Your Honor. Okay. The broad issue implicated here is one of substantial importance to petitioners such as Mr. Wilson, because the ADEPA filing deadline, particularly difficult to meet for pro se incarcerated petitioners, is one which, when it passes, extinguishes the ability of an imprisoned inmate to challenge the unlawfulness of his incarceration. The general issue raised in the Certificate of Appealability doesn't seem to be seriously disputed between the parties. Where there's a prison lockdown or a policy which, as a general matter, prevents a prisoner from access to the library, any means whatsoever of researching, finding out about the law and presenting his claims, where there isn't a set filing deadline, as there wouldn't be reflected in a document in the case of the ADEPA filing deadline as applied to any case, the parties don't seem to dispute that equitable tolling under cases such as Whalum Hunt and other precedent of this Court would appear to apply. The issue in dispute between the parties would seem to be... Well, under Whalum Hunt, wouldn't there have to be a factual hearing in the district court as to what the effect of the rule was, for instance? When there were lockdowns, to what extent he was actually deprived? It's a little difficult to understand when he was entitled to go to the library and when he wasn't without evidence. Absolutely, Your Honor. And I would agree that the record here is devoid of the kind of facts necessary to adjudicate equitable tolling as a matter of law. So what you're asking for is a remand? Yes, Your Honor, as was done in Whalum Hunt. Yeah. And in many of... Did you ask the Court to, or did you try to present some evidence to the Court about this below? Your Honor, I was not counsel below. Our office in the Los Angeles Federal Public Defender's Office were appointed only on appeal. I don't believe that the factual record below is sufficient to establish equitable tolling. It's all pro se. That's correct. Mr. Wilson did not have a lawyer. He was attempting, while incarcerated, to present his case as best he could. His papers, while they argue various purported legal theories, really don't make much sense. We can glean from them that he believed his lawyer was incompetent, that he didn't understand the basis for his guilty plea necessarily, that he believes that there was an illegal search that was not challenged with respect to that plea, and a number of other constitutional issues. But he wasn't able to present and argue clearly the facts entitling him to equitable tolling. He may not have known what they were, given his disabilities in researching the law, regarding both ADEPA and any right to equitable tolling. He may, in fact, have. Let me ask you just a technical question. If this case were remanded to the district court, would your office remain as counsel, or would you have to have another appointment, or would he proceed pro se again? I believe the Northern District would be the appropriate office. I believe that our office was appointed for purposes of the appeal because, at the time, he was incarcerated in the Central District of California. And now he's in the Northern District? Well, the case arises out of that district, so the district court adjudicating the matter upon remand would be that court. So that it would be highly impractical for my office to be litigating the case that was in district court there. Well, all right. It would have been a little more economical to appoint somebody from some office who might be able to follow through after doing all the work he's done. I understand and I agree, Your Honor. I understand and I agree, Your Honor. My understanding of the matter is that it was a clerical error. I only learned about it after I picked up the case after it had been in our office for a substantial period of time. I see. All right. I don't believe there was any substantive reason or that it was intentionally done that way. I don't believe it's in the ordinary course. And I wasn't even aware of that when I asked the question. I just wondered, if you had been appointed properly, I mean, if you were from the Northern District, and the case went back to the district court, the question is, would you automatically take it in the district court? Would you need another appointment or what would be the procedure? I don't know as a technical matter, Your Honor. I personally would have fought tooth and nail to keep the case because, having learned the record, I both feel that I know the facts relatively well and have quite strong feelings about the case, having seen what happened below and the David and Goliath battle that was waged when this pro per confronted, as he was, by the impediments of a very inflexible prison system. Yes. Are there any other questions? If not, we can let you save your time, I think. Do you have any other points you haven't reached? Yes. With respect to the issue of the timeliness of appeal, Respondent does concede that the appeal is timely. Respondent has asked If it's conceded, then we don't need to discuss it, right? I would hope not, Your Honor, but for the fact that Respondent has asked this panel to overrule the court's prior precedent, I would submit only that the matter We don't do that as a panel. Very well, Your Honor. Thank you. Good morning, Your Honors. Good morning. Glenn Pruden, Deputy Attorney General, on behalf of Warden Ayers. This Court should refuse to entertain Wilson's claim that he's entitled to equitable tolling. First, because we submit that the appeal is untimely, and we're not asking this panel to overrule a circuit precedent, but we believe that For the purposes of our decision, we have to assume it's timely, and then you want to go and bank. That's correct, Your Honor. We would submit that it would be appropriate for this panel to certify the issue of timeliness for en banc hearing. But second of all, Your Honor, this Court should refuse to entertain Wilson's claim because he failed to properly preserve it in the district court. And the reason that we say this is that the first indication we have of any of the facts that he now alleges should be grounds for his equitable tolling came with his notice of appeal, and the notice of appeal automatically divested jurisdiction of the district court. Mr. Wilson was on notice when the state filed its response or its motion to dismiss the petition that he bore the burden of establishing facts that would entitle him to equitable tolling. Instead of doing that when he filed his opposition to the state's motion to dismiss, he simply talked about other matters that went to the merits of the claims that he was seeking to present. In that way, he has never placed the facts that he is now asking this Court to consider that would warrant equitable tolling before the district judge for his consideration, and we would submit that it's too late to do so. The third thing is, even if you were to look at the facts that he has presented in the documentation that accompanies his notice of appeal, he does not make out a prima facie case for equitable tolling. He presents various documents that talk about lockdowns being put in place, but looking at them myself, I can't make head or tail out of exactly what the full import of the restrictions that were placed on the prison population are. There are gaps in those documents as well. Let's assume we're past the appealability and we're past whether it's been waived or defaulted, and just for the purpose of this question, the panel is addressing the merits. This is not a case where if you equitably toll every day, Wilson is claiming that he's still short of time, is it? As best I can tell from what he has submitted. I know how difficult it is to tell, but this is not a case where you can sit down and say, okay, he says he was in lockdown for this many days, and even if you give him day-for-day credit for every one of those days, it still is not timely. This is not that kind of case, is it? I'm not sure, Your Honor, looking at the documents that he's given us, because he claims, I believe in his allegations in his pleadings, a much longer period of being locked down throughout an entire scope, and there are holes in this that we're not sure whether or not it applies. Okay. So if you're not sure, we can't tell, the answer to Judge Hawkins' question is no. This is not a case in which you can say, okay, giving him everything he says, he still doesn't need it. That's correct. I can't tell. I have a question for you also, back on your last point, the middle point, that there were no facts given to the district court. What do you make of the district court's order inviting a motion to dismiss on the statute of limitations ground under AEDPA, and saying, but I won't hold any factual hearings? I don't think that too much significance needs to be attached to that particular comment. What's the point of pleading facts if the district court won't hold a hearing on them? I think the point of pleading facts is that you should advocate your position as strongly as possible in the hope that the district court might, in fact, hold a hearing if you really assume that the district court will not. But if it's an order asking you to argue the legal question, but saying there will be no factual hearings? I believe it would mean that there would be no argument on the motion, Your Honor. That's how I take that. If the panel were to decide to remand, it's possible that a careful factual examination of actual periods of lockdown would reveal the answer to the question that I had earlier. That's correct, Your Honor. However, again, the state's position is we should never go there. I understand. Subject to further questions from this court, we would simply ask that the district court's order dismissing this petition as untimely be affirmed. Thank you. Thank you, sir. Just a quick technical matter so our records are correct. You're an assistant federal public defender? Deputy federal public defender, Your Honor. All right. I thought that Cole had it wrong. He had it right. Please go ahead. With respect to certification for on-bank review, I would ask the panel to decline to do so, particularly in a case where my opponent's a sophisticated party. Certainly they were in a position to request a judgment, a separate judgment below. So this would be particularly an appropriate case in which to change prior law to foreclose an appeal by a pro per in order to serve the interests of a represented party represented by variable counsel in order to foreclose the pro per petitioner's appeal. Would you say you could make an appeal after 20 years? Well, Your Honor, it's an interesting question because looking at the court's prior precedent, the question is after how many years. But I looked at the issue in terms of what's the prejudice here, what's the disadvantage here. And in this particular case, there is none to this party as a result of the instant delay. On the other hand, there would be substantial prejudice to Mr. Wilson if his appeal were foreclosed. Obviously he was relying on our rule. Pardon me, Your Honor? I said who obviously was relying on our rule that there was no separate judgment. Yes, Your Honor. Okay. Thank you. With respect to the issue of the court's order ruling in advance that there would be no evidentiary hearing, I was very troubled by that. I would hope that the court would, as counsel suggested, we ought to read between the lines, at least keep an open mind to the possibility of an evidentiary hearing, although I would not advocate that one be held in every case, certainly where facts are presented that might indicate the appropriateness of an evidentiary hearing that the court was in. Well, I think it's a good idea to advise the district judge or district judges, if this is a standard order, that when you ask for questions about tolling, you shouldn't say there won't be any hearings. Because I don't know how you could resolve the dispute without hearings. Although maybe I don't know what hearings means. Maybe he means that he wants to just read all the evidence, doesn't want to hear any witnesses. But it doesn't seem to be an advisable provision for orders to whether tolling questions. Well, it would certainly be. Well, you don't know whether this is a standard provision in the Northern District because you're not from the Northern District. Unfortunately, Your Honor. Thank you, counsel. Thank you. Thank you both very much. The case just argued will be submitted.
judges: Reinhardt, Siler, Hawkins